United States District Court
Southern District of Texas

**ENTERED**

March 23, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re BMI OLDCO INC., *et al.*, | § | |
| | § | |
| Debtors. | § | |
| | § | CIVIL ACTION NO. 4:25-CV-2201 |
| | § | |
| OFFICIAL COMMITTEE OF | § | BANKRUPTCY CASE NO. 23-90794 |
| UNSECURED CREDITORS, | § | |
| | § | |
| Appellant. | § | |

## ORDER OF DISMISSAL

This bankruptcy appeal comes to the Court by way of a motion for leave to appeal an interlocutory order denying a motion to dismiss the underlying bankruptcy proceeding under 11 U.S.C. § 1112(b). In order to obtain leave to appeal the bankruptcy court's order, Appellant Official Committee of Unsecured Creditors ("the Committee") must carry the burden of establishing all of "three distinct criteria: (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion as to that question; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *In re Red River Energy, Inc.*, 415 B.R. 280, 284 (S.D. Tex. 2009). At bottom, the Committee "bear[s] the burden of persuading the [Court] that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment[.]" *Id.* (quotation marks omitted). "Interlocutory appeals are generally disfavored, and statutes permitting them must be strictly construed." *Allen v. Okam Holdings, Inc.*, 116 F.3d 153, 154 (5th Cir. 1997).

Consequently, "[l]eave to appeal is sparingly granted." *In re Archer*, No. 2:24-CV-146, 2024 WL 4202367, at *2 (N.D. Tex. Sept. 16, 2024) (quotation marks omitted).

The parties have provided excellent briefing and oral arguments. The Court has considered the parties' arguments and the relevant parts of the voluminous bankruptcy docket, particularly the bankruptcy court's opinion denying the Committee's motion. *See* Southern District of Texas bankruptcy case number 23-90794 at docket entries 1444 and 1506. The Court concludes that the Committee has not met its burden of demonstrating that the bankruptcy court's order involves a controlling question of law on which there is substantial ground for difference of opinion. Rather, in its order, the bankruptcy court applied well-established law to the particular facts of this complex case in order to determine, among other things, whether the debtors are prosecuting this bankruptcy proceeding in good faith, whether there is a reasonable possibility of successful reorganization within a reasonable time, and whether the debtors' estates are suffering a substantial and continuing loss with no reasonable likelihood of rehabilitation. Such fact-intensive determinations are insufficient to demonstrate that the bankruptcy court's order involves a controlling question of law; in order to satisfy the applicable standard, "[a] controlling question of law must be one of law—not fact[.]" *Silverthorne Seismic, L.L.C. v. Sterling Seismic Services, Ltd.*, 125 F.4th 593, 598 (5th Cir. 2025); *see also Fannie Mae v. Hurst*, 613 Fed. App'x 314, 318 (5th Cir. 2015) (affirming the district court's refusal to certify an interlocutory appeal when "Appellants' argument amount[ed] to a fact-specific dispute over the application of the discovery rules to th[e] case"). Accordingly, the motion

for leave to appeal the bankruptcy court's interlocutory order (Dkt. 2) is respectfully

**DENIED**.

This appeal is consequently **DISMISSED**, and this civil matter is **CLOSED**. Any

other pending motions are **DENIED AS MOOT**.

SIGNED at Houston, Texas on March 23, 2026.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE